

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2008

# Yuzary v. Samuel

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1026

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Yuzary v. Samuel" (2008). *2008 Decisions.* Paper 1432.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1432

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-149                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 08-1026
_____

HAIM YUZARY,

Appellant

v.

CHARLES SAMUELS, JR.

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-05917)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 6, 2008

Before:  AMBRO, FUENTES and JORDAN, Circuit Judges

(Filed :  March 17, 2008)
_____

OPINION
_____

PER CURIAM

    Haim Yuzary appeals pro se from an order of the United States District Court for

the District of New Jersey dismissing his habeas petition filed pursuant to 28 U.S.C.

§ 2241.  For the following reasons, we will dismiss the appeal under 28 U.S.C. §

1915(e)(2)(B).

In 1997, Yuzary was convicted in the United States District Court for the Southern District of New York ("Southern District Court") of money laundering and conspiracy to commit money laundering. See 18 U.S.C. §§ 371 & 1956(a)(2)(B). The Southern District Court denied his motion for a new trial based on newly-discovered evidence, and Yuzary was sentenced to 120 months of imprisonment to be followed by 36 months of supervised release. His direct appeal was unsuccessful. In 2004, Yuzary filed in the Southern District Court a motion pursuant to 28 U.S.C. § 2255. He raised an ineffective assistance of counsel claim and argued that his sentence should be vacated under United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004). The Southern District Court concluded that Yuzary's motion was untimely, see 28 U.S.C. § 2255 ¶ 6, and meritless.

Yuzary filed the present § 2241 petition in the United States District Court for the District of New Jersey, the district in which he is currently confined. He reasserted his claim that his sentence is unconstitutional under Blakely, argued that newly-discovered evidence demonstrates his actual innocence, and asserted that his conviction is invalid because it was not based on properly promulgated laws. The District Court concluded that it lacked jurisdiction over the § 2241 petition because Yuzary had not shown that § 2255 was an inadequate or ineffective remedy for his claims. Yuzary now appeals that decision.

2

We have jurisdiction over the appeal under 28 U.S.C. §1291 and 2253(a) and exercise plenary review over the District Court's dismissal. See Okereke v. United States, 307 F.3d 117, 119 (3d Cir. 2002). Because Yuzary is proceeding in forma pauperis, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under that statute, we must dismiss an appeal if it lacks arguable merit in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A collateral challenge to a federal sentence must be raised in a motion under § 2255 unless such a motion would be inadequate or ineffective to test the legality of the detention. See § 2255 ¶ 5; Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). A motion under § 2255 is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. The "safety valve" provided under § 2255 is extremely narrow and provides a remedy only in unusual circumstances, such as where an intervening change in law decriminalized the conduct for which the petitioner was convicted. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)).

3

Yuzary has not demonstrated such a limitation in § 2255's scope or procedure here. The claims raised in his § 2241 petition could have been or – in the case of his Blakely claims – were presented in a motion pursuant to § 2255. In any event, Yuzary's claims are meritless. The Supreme Court has not made Blakely retroactive to cases on collateral review, see In re Olopade, 403 F.3d 159 (3d Cir. 2005), his assertion that "the laws charged against him do not constitutionally exist" is devoid of merit, see United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007), and he falls far short of demonstrating that he is actually innocent of the crimes for which he was convicted. Therefore, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] Yuzary's motion for appointment of counsel is denied. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

4